## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NGM INSURANCE COMPANY, | : | |
|    Plaintiff | : | |
| | : | |
| v. | : | No. |
| | : | |
| CFV CONTRACTING, INC.; | : | |
| CARLOS F. VANEGAS; and | : | ACTION FOR DECLARATORY |
| ROBERT SWINAND, | : | JUDGMENT |
|    Defendants | : | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, NGM Insurance Company, by its attorneys, Brigid Q. Alford, Esquire and Marshall, Dennehey, Warner, Coleman & Goggin, presents its Complaint for Declaratory Judgment, and in support thereof avers as follows:

### The Parties

1.     Plaintiff, NGM Insurance Company ("NGM"), is a stock insurance company incorporated in the State of Florida, and licensed to do business in the Commonwealth of Pennsylvania, with its domicile and principal place of business located at 4601 Touchton Road East, Suite 3400, Jacksonville, Florida 32246.

2.     Defendant CFV Contracting, Inc. ("CFV"), is a business entity, incorporated under the laws of the Commonwealth of Pennsylvania, with a registered address of 1123 Toll House Lane, Warminster, Pennsylvania 18974-2621.

3.     Defendant Carlos F. Vanegas ("Vanegas"), is an adult individual, and citizen and resident of the Commonwealth of Pennsylvania, with a last known address of 1123 Toll House Lane, Warminster, Pennsylvania 18974-2621..

4. Defendant Robert Swinand ("Swinand") is an adult individual, and citizen and resident of the Commonwealth of Pennsylvania, with a last known address of 1 Madison Avenue, Apt. J5, Warminster, Pennsylvania, 18975.

## Jurisdiction and Venue

5. This is an action for Declaratory Judgment filed pursuant to 28 U.S.C.A. §2201 *et seq.* and Fed. R. Civ. P. No. 57, to determine a question of actual controversy among the parties as is more particularly described herein, and to ascertain rights, duties and obligations, if any, under a certain insurance policy.

6. Plaintiff NGM and Defendants are citizens of different states, creating diversity of citizenship sufficient to support the Court's jurisdiction pursuant to 28 U.S.C.A. §1332.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This case arises from claims brought against Defendants CFV and Vanegas by Defendant Swinand, for which CFV has sought and may continue to seek defense and/or indemnification from NGM, as set forth in more detail below.

9. An actual controversy has arisen among and between NGM and CFV, with respect to rights and obligations under the terms of a certain policy of insurance issued by NGM to CFV, as set forth in more detail below.

10. As a result of the coverage controversy, as set forth in more detail below, NGM seeks a declaration of its rights under the aforementioned Policy.

11. The underlying litigation, under which Defendant CFV has tendered its defense and indemnification to NGM, is pending in Montgomery County, Pennsylvania, which is situate within the Eastern District of Pennsylvania.

**The Policy**

12.     At all times relevant hereto, there was in effect a Business Auto Insurance Policy,

identified as Policy No. B1U0213T and issued by NGM to CFV Contracting, Inc., for the policy

period 01-15-2020 to 01-15-2021 ("NGM Policy").  A true and correct copy of the NGM Policy,

including the policy declarations and all applicable endorsements, is attached hereto, made part

hereof, and identified as Exhibit 1.

13.     The NGM Policy states, in relevant part:

**BUSINESS AUTO COVERAGE FORM DECLARATIONS**

* * *

| Coverages | Covered Autos** | Limit |
|---|---|---|
| Liability | 7,8 | $1,000,000 |

* * *

**         Entry of one or more of the symbols from the COVERED
AUTOS Section of the Business Auto Coverage Form shows
which autos are covered autos.

* * *

**SCHEDULE OF COVERED AUTOS YOU OWN**

* * *

PA1     2016, GMC Sierra . . .

PA 2    2004, Ford F450SD . . .

PA 3    2010, Chevrolet 1500 . . .

PA4     1990, Ford LT9000 . . .

* * *

## BUSINESS AUTO COVERAGE FORM

\* \* \*

Throughout this policy the words "you" and "your" refer to the
Named Insured shown in the Declarations . . .

\* \* \*

**Symbol      Description Of Covered Auto Designation Symbols**

\* \* \*

**7**      Specifically      Only those "autos" described in Item Three of the
         Described       Declarations for which a premium charge is shown
         "Autos"          (and for Covered Autos Liability Coverage any "trailers"
                          You don't won while attached to any power unit described
                          In Item Three).

**8**      Hired "Autos"   Only those "autos" you lease, hire, rent or borrow.  This
         Only             does not include any "auto" you lease , hire, rent or borrow
                          from any of your "employees", partners (if you are a
                          partnership), members (if you are a limited liability
                          company) or members of their households.

\* \* \*

## SECTION II – COVERED AUTOS LIABILITY COVERAGE

**A.**      **Coverage**

We will pay all sums an "insured" legally must pay as damages because
of "bodily injury" or "property damage" to which this insurance applies,
caused by an "accident" and resulting from the ownership, maintenance or
use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against a "suit" asking
for such damages or a "covered pollution cost or expense".  However, we
have no duty to defend any "insured" against a "suit" seeking damages for
"bodily injury" or "property damage" or a "covered pollution cost or
expense to which this insurance does not apply. . .

1.      **Who Is An Insured**

The following are "insureds":

a.      You for any covered "auto".

b.      Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    **(1)**    The owner or anyone else from whom you hire or borrow a covered "auto".

           This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

    **(2)**    Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

    **(3)**    Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

    **(4)**    Anyone other than your "employees', partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

    **(5)**    A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c.      Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

\* \* \*

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

A.    **Loss Conditions**

\* \* \*

2.    **Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a.    In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". . .

\* \* \*

b.    Additionally, you and any other involved "insured" must:

\* \* \*

(2)    Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

\* \* \*

**COMMERCIAL AUTOMOBILE ELITE _PLUS_ ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**

\* \* \*

**1.    BROAD FORM INSURED**

\* \* \*

B.    Employees as Insureds

Paragraph **A.1. – WHO IS AN INSURED OF SECTION II – LIABILITY COVERAGE** is amended to add:

6

> Any "employee" of yours while using a covered
> "auto" you don't own, hire or borrow in your
> business or your personal affairs.

* * *

### The Underlying Litigation

14.     Upon information and belief, on or about June 24, 2020, Vanegas was operating a motor vehicle in Horsham Township, Montgomery County, Pennsylvania, when it was involved in a motor vehicle accident with a vehicle operated by Swinand.

15.     On March 2, 2022, Swinand filed suit against Vanegas and CFV, in the Montgomery County Court of Common Pleas, at No. 2022-03019 ("Montgomery County litigation"), purporting to set forth a single Count of Negligence against Vanegas and CFV.  A true and correct copy of the Swinand Complaint is attached hereto, made part hereof, and identified as Exhibit 2.

16.     At no time between the date of the accident and March 2, 2022, did CFV notify NGM of the accident, or provide to NGM any information about the accident.

17.     CFV was served with the Swinand Complaint on April 6, 2022.

18.     CFV was served with Notice of Intent to Enter Default Judgment on May 20, 2022.

19.     At no time between April 6, 2022 and May 20, 2022, did CFV notify NGM of the accident or the Montgomery County litigation, or provide to NGM any information about the accident or the Montgomery County litigation.

**CFV Tender of Defense to NGM;**
**NGM Conditional Acceptance of Tender under Full Reservation of Rights**

20.     CFV did not notify NGM of the accident or the Montgomery County litigation, or provide to NGM any information about the accident or the Montgomery County litigation until May 26, 2022, at which time it tendered its defense and indemnification to NGM.

21.     In response to CFV's tender, NGM conditionally accepted the tender of defense only, under and pursuant to a complete Reservation of Rights, dated June 20, 2022 which included a reservation of its rights to assert any coverage defenses that may be applicable, to pursue declaratory relief, and/or to withdraw its participation, should circumstances so warrant. A true and correct copy of the Reservation of Rights is attached hereto, made part hereof, and identified as Exhibit 3.

22.     At all times relevant hereto, Vanegas was operating a vehicle that was not a Covered "Auto" as defined within the NGM Policy.

23.     With respect to the Swinand Complaint filed in the Montgomery County litigation, and the allegations raised therein against CFV, liability coverage under the NGM Policy does not extend to CFV.

24.     NGM does not owe CFV any duty to defend or indemnify it, with respect to the Swinand Complaint filed in the Montgomery County litigation.

WHEREFORE, Plaintiff NGM Insurance Company, respectfully requests this Honorable Court to enter judgment in its favor and further enter the following decree, declaring:

   a.     that NGM has no duty to provide coverage for CFV, or any Defendant, with respect to the allegations raised against it in the Montgomery County litigation; and

   b.     that NGM has no duty to defend or indemnify CFV, or any Defendant, with respect to the allegations raised against it in the Montgomery County litigation; and

8

c.    that the Court enter such additional and further relief as the Court may deem to be appropriate under the circumstances.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

Date:   08/24/2022

Brigid Q. Alford, Esquire
I.D. No. 38590
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
(717)-651-3710/FAX (717)-651-9630
bqalford@mdwcg.com
*Attorneys for Plaintiff NGM Insurance Company*